IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**CASEY LYNN BURNER**,

    Plaintiff,

v.                                                                      Civil Action No. 2:13-CV-28
                                                                               (BAILEY)

**CAROLYN W. COLVIN,**
*Acting Commissioner of Social Security*,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert [Doc. 21] and the plaintiff's Objections thereto [Doc. 22]. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections permits the district court to review the R&R under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. See ***Webb v. Califano,*** 468 F.Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to those portions of the R&R to which the plaintiff objected. The remaining portions of the R&R will be reviewed for clear error. As a result, it is the opinion of this Court that the R&R should be **ADOPTED**.

### I. Background

On March 30, 2010, the plaintiff's mother applied on the plaintiff's behalf for childhood SSI benefits [Doc. 1 at ¶ 5]. At the time of fling of her application, the plaintiff

1

was fifteen years old.[1]  After a hearing by an Administrative Law Judge ("ALJ"), the plaintiff's claim was denied on January 13, 2012 [Id.].  The Appeals Council denied plaintiff's Request for Review on March 8, 2013 [Id. at ¶ 6].

The ALJ determined that the plaintiff had the following severe impairments: diabetes mellitus and depression [Doc. 10-2 at 21].  However, the ALJ found that the plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1" [Id.].  The ALJ also found that the plaintiff does not have "an impairment or combination of impairments that functionally equals the severity of the listings" in 20 C.F.R. §§ 416.924(d) and 416.926(a) [Id.].

On April 23, 2013, the plaintiff filed a complaint [Doc. 1] seeking judicial review of the January 13, 2012 adverse decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Pursuant to the Local Rules, this case was referred to Magistrate Judge Seibert for a recommended disposition.  On August 30, 2013 the plaintiff filed a motion for summary judgment [Doc. 12] and on November 26, 2013 the defendant filed its motion for summary judgment [Doc. 18].  In the complaint and memorandum of law in support of her motion for summary judgment, the plaintiff states that the ALJ's decision should be reversed because it is "neither supported by substantial evidence nor based upon a correct application of the law" [Doc. 1 at 2].

First, the plaintiff asserts that the ALJ's decision is not supported by substantial

---

[1]At the time of this Order, the plaintiff is 19 years old.  However, because the plaintiff was under 18 at the time of her March 30, 2010 application for supplemental security income, and alleged a disability onset date of July 24, 2004, the plaintiff's impairments were analyzed using the standard for an individual under the age of 18.

2

evidence because Ms. Burner's condition requires 24 hour a day supervision. In support, the plaintiff cites the December 12, 2011 letter of Dr. Holbert, Ms. Burner's longtime treating physician, who stated that Ms. Burner's diabetic condition requires the use of an insulin pump around the clock, which requires adult supervision, that Ms. Burner cannot be relied upon to manage her condition, that personnel at Ms. Burner's school have been trained to assist with the management of her condition, and that in the case of an episode of hypoglycemia requiring a Glucagon injection, the plaintiff would require an appropriate adult to administer the injection and mix the medications [Doc. 13 at 7–12]. Next, the plaintiff argues the ALJ improperly discredited the treating physician's statement [Id. at 12–14]. In the brief in support of its motion for summary judgment, the defendant responds to each claim and argues that the ALJ's decision is supported by substantial evidence [Doc. 19].

On February 21, 2014, Magistrate Judge Seibert entered his R&R in which he recommends denial of Ms. Burner's motion for summary judgment because substantial evidence supports the ALJ's finding that Ms. Burner's impairments do not functionally equal the listings [Doc. 21 at 16–18]. In addition, the magistrate judge concludes that the ALJ properly considered Dr. Holbert's opinion [Id. at 18–21], and that newly submitted evidence to the Appeals Council does not create a conflict with existing evidence such that remand is required [Id. at 21–26]. On March 7, 2014, the plaintiff filed timely objections [Doc. 22] to the conclusions in the magistrate judge's report and recommendation.

## II. Legal Standard—Judicial Review of an ALJ Decision

Judicial review of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g). "The findings . . . as to any fact, if

supported by substantial evidence, shall be conclusive." **Richardson v. Perales**, 402 U.S. 389, 390 (1971); and **Coffman v. Bowen**, 829 F.2d 514, 517 (4th Cir. 1987).  The phrase "'supported by substantial evidence'" means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  See **Perales**, 402 U.S. at 401 (quoting **Consol. Edison Co. v. NLRB**, 305 U.S. 197, 229 (1938)).  Substantial evidence "consists of more than a mere scintilla of evidence[,] but may be somewhat less than a preponderance . . .." **Laws v. Celebrezze**, 368 F.2d 640, 642 (4th Cir. 1966).  Thus, "[i]t is not within the province of a reviewing court to determine the weight of the evidence; nor is it [the court's] function to substitute [its] judgment . . . if [the] decision is supported by substantial evidence." **Id.** (*citing* **Snyder v. Ribicoff**, 307 F.2d 518, 520 (4th Cir. 1962)).  Ultimately, it is the duty of the ALJ reviewing a case, and not the responsibility of the Court, to make findings of fact and to resolve conflicts in the evidence.  **King v. Califano**, 599 F.2d 597, 599 (4th Cir. 1979).  "This Court does not find facts or try the case *de novo* when reviewing disability determinations." **Id.**; *see also* **Seacrist v. Weinberger**, 538 F.2d 1054, 1056–57 (4th Cir. 1976); and **Hays v. Sullivan**, 907 F.2d 1453, 1456 (4th Cir. 1990).

### III.  Discussion

The plaintiff objects to the R&R on three grounds.  First, the plaintiff claims that the ALJ's decision is not supported by substantial evidence because the evidence of record shows the plaintiff's condition functionally equaled the listings of impairments.  Second, the plaintiff claims that the ALJ improperly rejected the treating physician's statement.  Third, the plaintiff states that the Appeals Council failed to provide any explanation of its handling of new evidence, and that this is grounds for remand.

4

This Court will address the objections as they relate to each of the plaintiff's claims of error discussed above. In so doing, the Court will determine, *de novo*, whether any claim of error necessitates a finding that the ALJ's decision is not supported by substantial evidence.

### B. Whether Plaintiff's Impairment Meets, Medically Equals, or Functionally Equals the Severity of a Set of Criteria for an Impairment in the Listings

In his R&R, the magistrate judge recommends that this Court affirm the ALJ's decision [Doc. 21]. The plaintiff objects, claiming that the magistrate judge incorrectly evaluates whether Mr. Burner's impairments functionally equal the listing of impairments under 20 C.F.R. § 416.926a, when the plaintiff contends that a finding that the impairments meet the requirements of a listing by satisfying all of the criteria of that listing when evaluated under 20 C.F.R. § 416.925(c)(3).

#### 1. Evaluation Process

To determine whether a child is disabled, the ALJ considers the following three-step evaluation process:

Step One:   Determine whether the child is engaging in substantial gainful activity;

Step Two:   Determine whether the child has a medically determinable severe impairment;

Step Three: Determine whether the impairment "meets, or medically equals the severity of a set of criteria for an impairment in the listings, or if it functionally equals the listings."

20 C.F.R. § 416.924.

The parties agree with the ALJ's determination that Ms. Burner has not engaged in substantial gainful activity (Step One) and that Ms. Burner suffers from two severe

impairments: diabetes mellitus and depression (Step Two).  However, the parties dispute the ALJ's determination of Step Three, that Ms. Burner's impairments do not meet or medically equal the severity of a set of criteria for an impairment in the listings, or functionally equal the listings.

In the third step of the evaluation process, the ALJ analyzes the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 and determines whether the child's impairments 1) meet any listing; 2) medically equal any listing, meaning the impairments are at least equal in severity and duration to the medical criteria of the listed impairment; or 3) functionally equal the listing.

### 2. Evaluation of Criteria for an Impairment in the Listings

The plaintiff argues in her objections that the ALJ's decision is not supported by substantial evidence because the evidence shows that the plaintiff's condition functionally equals the listing of impairments.  The plaintiff argues that a determination whether a conditional functionally equals the listing of impairments may be made under the regulations at 20 C.F.R. § 416.926a, or under 20 C.F.R. § 416.925(c)(3).

Under 20 C.F.R. § 416.926a, impairments are found to functionally equal the listing if a child shows that her condition causes marked limitations in two of the listed domains or an extreme limitation in one domain.  The magistrate judge in his R&R evaluates the plaintiff's condition under this regulation.

However, the plaintiff contends that a finding of functional equivalence in this case is reached under 20 C.F.R. § 416.925(c)(3), which states "[w]e will find that your impairment(s) meets the requirements of a listing when it satisfies all of the criteria of that listing, including any relevant criteria in the introduction, and meets the duration

6

requirement." The objections claim that the plaintiff's impairments meet all of the criteria of the listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 109.00(C), which states that "if a child age 6 or older has a medical need for 24–hour-a-day adult supervision of insulin treatment, food intake, and physical activity to ensure survival, we will find that the child's impairment *functionally equals* the listings based on the example in § 416.926a(m)(5)" (emphasis added). The plaintiff argues that the listing directs a finding of functional equivalence if a child age 6 or older has a medical condition requiring 24-hour-a-day supervision.

Even assuming that the listing directs a finding of functional equivalence if a child age 6 or older has a medical condition requiring 24-hour-a-day supervision, the plaintiff cannot prevail because the ALJ's finding that the plaintiff's condition does not require 24-hour-a-day supervision is supported by substantial evidence.

The ALJ evaluated the plaintiff's need for 24-hour supervision, and the magistrate judge's R&R cites to the ALJ's evaluation. The plaintiff's primary care physician, Dr. Holbert, submitted a letter indicating that the claimant requires 24-hour supervision due to her unstable medical condition. The ALJ afforded little weight to the letter, on the grounds that his statements were not supported by the objective medical evidence or by the plaintiff's testimony or her mother's testimony [Doc. 10-2 at 25–26]. The ALJ states that 1) there is no indication that the claimant has sustained any known complications; 2) the claimant is not currently being monitored by an adult 24-hours per day as she is frequently left with her 14-year-old brother; and 3) that the plaintiff volunteers to care for her three-year-old nephew and, at times, has cared for him while by herself [Id.].

With respect to 24-hour-a-day adult supervision of insulin treatment to ensure survival, the plaintiff's mother testified that while the plaintiff is at school, the plaintiff checks

7

her blood sugar herself and administers her bolus, or extra amount of insulin, by herself. Although she does so in the presence of an adult, the plaintiff manages her insulin treatment by herself. The plaintiff's mother also testified that the plaintiff checks her own blood sugar and administers a bolus when required while at home. Nowhere in the record does it state that an adult is required to test the plaintiff's blood sugar or administer insulin. The plaintiff administers her medication by herself. There is substantial evidence based on these facts that the plaintiff does not need 24-hour-a-day adult supervision of insulin treatment to ensure survival.

As to the requirement for 24-hour-a-day adult supervision of food intake to ensure survival, the record does not state that any adults monitor the plaintiff's meals or snacks. Neither the plaintiff's testimony nor her mother's testimony contains any information regarding adult supervision of food intake. Similarly, the letter from the plaintiff's physician, Dr. Holbert, makes no mention of supervision of the plaintiff's food intake. Accordingly, there is substantial evidence to support a finding that the plaintiff does not require 24-hour-a-day adult supervision of food intake to ensure survival.

The record does not support a conclusion that 24-hour-a-day supervision of physical activity is necessary to ensure survival. The plaintiff testified that during her freshman year, 2009, she played basketball for the whole season [Doc. 10-2 at 47–48]. The plaintiff testified that she does not do any physical activity on a weekly basis, but when asked why responded that she was "not real[ly] sure" as to the reason. The plaintiff's mother testified that the plaintiff had to sit out of basketball games when she experienced episodes of hypoglycemia [Doc. 10-2 at 57–58]. The plaintiff's mother stated that during episodes of hypoglycemia, the plaintiff checked her own blood sugar every 15 minutes to ensure her

blood sugar levels were returning to normal [Id.]. There is substantial evidence to show that the plaintiff does not need 24-hour-a-day adult supervision of physical activity to ensure survival.

In summary, substantial evidence supports the ALJ's conclusion that the plaintiff does not require 24-hour-a-day adult supervision of insulin treatment, food intake, and physical activity to ensure survival. Accordingly, this Court hereby **OVERRULES** the plaintiff's objection regarding the claim that the ALJ's decision is not supported by substantial evidence because the evidence of record shows the plaintiff's condition functionally equaled the listing of impairments.

### C. Treating Source Evidence

The plaintiff argues in her objections that the ALJ improperly rejected the treating physician's statement [Doc. 22 at 8]. The objections are primarily a reiteration of the argument made in the motion for summary judgment—that Dr. Holbert's letter should be given controlling weight because it is supported by clinical or diagnostic techniques and not inconsistent with the other substantial evidence of record [Doc. 22 at 8–10]. The plaintiff's objections state that "the Magistrate considered this case under the incorrectly legal standard [and] it was subsequently impossible for him to have correctly decided the case." [Id. at 10]. The Court disagrees. The magistrate judge's recommendation regarding the ALJ's finding that the plaintiff's condition does not functionally equal the listing of impairments is entirely unrelated to the magistrate judge's determination regarding whether the ALJ's rejection of the treating physician's statement is supported by substantial evidence.

In evaluating the opinions of treating sources, an ALJ must generally give more weight to the opinion of a treating physician because the physician is most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. *See* 20 C.F.R. § 404.1527(c)(2). Nevertheless, a treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) [the opinion] is supported by clinical and laboratory diagnostic techniques and (2) [the opinion] is not inconsistent with other substantial evidence." **Ward v. Chater**, 924 F.Supp. 53, 55 (W.D. Va. 1996); *see also* 20 C.F.R. § 404.1527(c)(2) and 20 C.F.R. § 416.927(c)(2). As such, the ALJ is not required to give controlling weight to a treating source where the ALJ finds that the physician's opinion is inconsistent with other substantial evidence. *See* **Ward**, 924 F.Supp. at 55; 20 C.F.R. § 404.1527(c)(2); and 20 C.F.R. § 416.927(c)(2); *see also* **Johnson v. Barnhart**, 434 F.3d 650, 654 at n.5 (4th Cir. 2005) ("[T]he ALJ holds [the] discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence.") (internal citations omitted); *see also* **Craig v. Chater**, 76 F.3d 585, 590 (4th Cir. 1996) (If a treating physician's opinion "is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.").

If the ALJ determines that a treating physician's opinion should not be accorded controlling weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. § 404.1527(c)(1)-(6). These factors include: (1) examining relationship; (2) treatment relationship, which includes length, nature, and extent of treatment; (3) how well supported the opinion is by medical sources; (4) consistency between the opinion and the record as a whole; (5) whether the treatment

source is opining within his or her specialization; and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6). In addition, the regulations state that the Commissioner "will always give good reasons in [the] notice of determination or decision for the weight [given to the] treating source's opinion." 20 C.F.R. § 404.1527(c)(2). In this regard, Social Security Ruling 96-2p provides that such decisions "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Social Security Ruling 96-2p, 1996 WL 374188, *5 (July 2, 1996).

The ALJ states that he "afforded little weight to the letter of Dr. Holbert dated December 12, 2011." [Doc. 10-2 at 25]. The ALJ stated that"Dr. Holbert indicated that the claimant requires 24-hour supervision due to her unstable medical condition. . . . [h]owever, Dr. Holbert's statements are not supported by the objective medical evidence nor are they supported by the claimant's or her mother's testimony." As evidence, the ALJ cites medical evidence in the record which indicated that the claimant's sugar levels are often high, but that there is no indication that the claimant has sustained any known complications. Further, the ALJ states that according to the plaintiff's testimony, the plaintiff is not being monitored by an adult 24-hours per day as she is frequently left with her 14-year-old brother. Additionally, the ALJ cites the plaintiff's testimony that she volunteers to care for her three year old nephew and, at times, has cared for him while by herself.

The ALJ accorded substantial weight to the childhood disability forms prepared by Drs. Obsorne and Lauderman. Dr. Osborne concluded that the plaintiff's impairments are severe but do not meet, medially equal, or functionally equal the listings [Doc. 10-7 at 18]. Dr. Lauderman confirmed Dr. Osborne's findings [Doc. 10-7 at 41].

As such, the ALJ properly used his discretion to give less than controlling weight to this evidence in light of persuasive evidence contrary to the treating physician's foundation for his conclusion. *See **Johnson v. Barnhart***, 434 F.3d 650, 654 at n.5 (4th Cir. 2005); *see also **Ward v. Chater***, 924 F.Supp. 53, 55 (W.D. Va. 1996); *see also* 20 C.F.R. § 404.1527(c)(2) and 20 C.F.R. § 416.927(c)(2). Accordingly, this Court hereby **OVERRULES** the plaintiff's Objections on this issue. For these reasons and those more fully stated in the magistrate judge's R&R, this Court finds that the ALJ's decision to give less than controlling weight to the letter from Dr. Holbert was supported by substantial evidence.

### D. New and Material Evidence Submitted to the Appeals Council

The plaintiff's objections state that the plaintiff submitted additional evidence to the Appeals Council. In its Notice of Appeals Council Action, the Council specifically noted that it considered the additional evidence, but that the information does not provide a basis for changing the ALJ's decision. The magistrate judge's R&R states that the Appeals Council is not required to articulate any findings when it denies review after considering new evidence, and the lack of such additional fact finding does not render judicial review impossible, so long as the record provides an adequate explanation of the decision [Doc. 21 at 24].

The R&R states, and the Court agrees, that "when a review of the new evidence submitted to the Appeals Council still allows the conclusion that substantial evidence supports the ALJ's decision, the ALJ's denial of benefits should be affirmed." [Doc. 21 at 24 (citing ***Smith v. Chater***, 99 F.3d 635, 638–39 (4th Cir. 1996)].

Here, the additional evidence incorporated by the Appeals Council is a letter from Ms. Thompson, a licensed professional counselor, which states that the plaintiff has been diagnosed with Major Depressive Disorder and states that the symptoms the plaintiff has displayed of this disorder indicate that the plaintiff has a poor ability to handle her medical condition on her own. [Doc. 10-8 at 48–49]. Ms. Thompson states that she is in agreement with Dr. Holbert's letter that the plaintiff cannot be trusted to adequately manage her medical condition without 24-hour adult supervision due to her lack of insight and poor judgment.

The magistrate judge stated, and the Court agrees, that Ms. Thompson's letter does not present any additional evidence that fills an evidentiary gap, nor does other record evidence credited by the ALJ conflict with Ms. Thompson's letter. Therefore, Ms. Thompson's letter does not create a conflict such that it must be weighed by a fact finder. The R&R states that because Ms. Thompson's letter merely restates, almost verbatim, the opinion of Dr. Holbert, which the ALJ afforded little weight, no such conflict is created here.

Accordingly, the Court finds that the ALJ's decision is supported by substantial evidence.

## IV. Conclusion

Upon careful consideration, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 21]** should be, and hereby is, **ADOPTED**. Further, the plaintiff's Objections **[Doc. 22]** are **OVERRULED**. Therefore, this Court **ORDERS** that the defendant's Motion for Summary Judgment **[Doc. 18]** is hereby **GRANTED** and the plaintiff's Motion for Summary Judgment **[Doc. 12]** is hereby **DENIED**. Accordingly, this

13

Court hereby **DENIES** and **DISMISSES** the plaintiff's Complaint **[Doc. 1]** and **ORDERS** that this matter be **STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: April 15, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE